```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| KENNETH SMITH, | : | CIVIL ACTION |
| | : | NO. 14-1765 |
| Petitioner, | : | |
| v. | : | |
| | : | |
| NANCY A. GIROUX et al., | : | |
| | : | |
| Respondents. | : | |

### O R D E R

**AND NOW**, this **13th** day of **May, 2015,** upon review of the Report and Recommendation of United States Magistrate Judge David R. Strawbridge (ECF No. 9) and Petitioner's objections thereto (ECF No. 13), it is hereby **ORDERED** as follows:

(1) The Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

(2) Petitioner's objections to the Report and Recommendation are **OVERRULED**;[2]

---

[1] The Court may refer an application for a writ of habeas corpus to a United States Magistrate Judge for a report and recommendation. See 28 U.S.C. § 2254 Rule 10. A prisoner may object to the magistrate judge's report and recommendation within fourteen days after being served with a copy thereof. See 28 U.S.C. § 636(b)(1); E.D. Pa. R. 72.1(IV)(b). The Court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b)(1). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1). The Court has conducted a de novo review of those portions of Magistrate Judge Strawbridge's Report and Recommendation ("R&R") to which Petitioner objects.

---

[2] Petitioner argues that the Philadelphia Court of Common Pleas and the Pennsylvania Superior Court misapplied clearly established federal law in denying his suppression motion (and affirming that denial on appeal). Specifically, Petitioner asserts that, based on alleged discrepancies in the record, the arresting officers neither (1) had reasonable suspicion to make the stop, nor (2) properly conducted a search subsequent to his arrest. Pet'r's Obj. 11-20. However, as Magistrate Judge Strawbridge pointed out in the R&R, "[w]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." R&R 4 (quoting Stone v. Powell, 428 U.S. 465, 494 (1976)). The Third Circuit has interpreted "opportunity for full and fair litigation" as "requir[ing] only that no structural defect in the system prevents state courts from hearing a petitioner's Fourth Amendment claim." R&R 4-5 (citing Marshall v. Hendricks, 307 F.3d 36, 82 (3d Cir. 2002)). Notably, even "[a]n erroneous or summary resolution by a state court of a Fourth Amendment claim does not overcome the bar." Marshall, 307 F.3d at 82.

Here, Petitioner unquestionably had a full and fair opportunity to litigate his Fourth Amendment claim--in pretrial motions, post-trial motions, and on appeal. Moreover, as Magistrate Judge Strawbridge noted, "[t]he Superior Court opinion demonstrates that that court considered the merits of the claim, discussing and quoting at length from the testimony offered at the suppression hearing and the reasoning behind the denial of the suppression motion." R&R 5. Nothing in the record suggests that Petitioner's ability to bring this claim was abridged in any way. Cf., e.g., Boyd v. Mintz, 631 F.2d 247, 250 (3d Cir. 1980) (holding that the petitioner did not have a full and fair opportunity to litigate where the public defender had only one business day "to investigate [the petitioner's] indigency, accept him as a client, interview him again about the crimes charged, investigate the validity of the search and seizure issue, and prepare and file a motion to suppress"). In addition, the state courts did not "fail[] to give at least colorable application of the correct Fourth Amendment constitutional standard." Gilmore v. Marks, 799 F.2d 51, 57 (3d Cir. 1986). In sum, neither the specific errors alleged by Petitioner (listed above), nor his more summary arguments--that the state courts "distort[ed] . . . facts, merg[ed] . . . precedential cases to fit the altered procedural and factual

(3) The Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED** and **DISMISSED with prejudice**;

(4) A certificate of appealability shall not issue; and

(5) The Clerk of Court shall mark this case **CLOSED.**


**And it is so ordered.**

                         /s/ Eduardo C. Robreno
                         **EDUARDO C. ROBRENO,    J.**

---

findings," and misapplied "the law of the land," Pet'r's Obj. 21--are sufficient to overcome the <u>Stone</u> bar. Accordingly, the Court will adopt the R&R and overrule Petitioner's objections.